**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Jahmy S. Graham (SBN 300880)
jahmy.graham@nelsonmullins.com
Rona Eli (SBN 326093)
rona.eli@nelsonmullins.com
Michael E. Seager (SBN 354564)
michael.seager@nelsonmullins.com
Two California Plaza, Suite 2200
350 South Grand Avenue
Los Angeles, California 90071
Telephone:   (424) 221-7470
Facsimile:    (202) 279-2017

Attorneys for Defendants
TOYOTA MOTOR NORTH AMERICA, INC.; TOYOTA
MOTOR ENGINEERING & MANUFACTURING NORTH
AMERICA, INC.; TOYOTA MOTOR SALES, U.S.A., INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA (SAN DIEGO)

| | |
|---|---|
| FRANCIS RODRICK; ROBERT DADE; and JAMIE PABILONIA, <br><br> Plaintiffs, <br><br> v. <br><br> TOYOTA MOTOR NORTH AMERICA INC.; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.; TOYOTA MOTOR SALES, U.S.A., INC., <br><br> Defendants. | Case No. 3:26-cv-03210-H-JLB <br><br> Assigned to: Hon. Marilyn L. Huff <br><br> **DEFENDANTS TOYOTA MOTOR NORTH AMERICA, INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., AND TOYOTA MOTOR SALES, U.S.A., INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> [*Filed concurrently with Request for Judicial Notice, Declaration of Jahmy S. Graham, and [Proposed] Order*] <br><br> Date:  October 12, 2026 <br> Time: 10:30 a.m. <br> Courtroom: 12A <br><br> Complaint Filed:  May 22, 2026 |

26cv3210

**TO THE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 12, 2026 at 10:30 a.m, or as soon thereafter as counsel may be heard before the Honorable Marilyn L. Huff in the above-captioned court, located at 333 West Broadway, San Diego, CA 92101, Defendants Toyota Motor North America, Inc. ("TMNA"), Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"), and Toyota Motor Sales, U.S.A., Inc. ("TMS") (collectively "Defendants") move this Court for an order, pursuant to Federal Rules of Civil Procedure[1] 8(a)(2), 9(b), and 12(b)(6), dismissing Plaintiffs Francis Rodrick ("Rodrick"), Robert Dade ("Dade"), and Jamie Pabilonia's ("Pabilonia," and together with Rodrick and Dade, "Plaintiffs") Class Action Complaint ("Complaint").

Plaintiffs bring conclusory and legally deficient allegations purportedly on behalf of themselves and putative classes and subclasses of past and present purchasers and lessees of 2022-2026 Lexus RX and Lexus NX vehicles ("Subject Vehicles"). Plaintiffs bring the following seven claims for legal and equitable relief: (1) Fraud by Omission or Fraudulent Concealment, (2) Breach of Implied Warranty of Merchantability, (3) Unjust Enrichment, (4) California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200) ("UCL"), (5) California False Advertising Law (Cal. Bus. & Prof. Code § 17500) ("FAL"), (6) New Jersey Consumer Fraud Act (N.J. Stat. Ann. § 56:8-1) ("CFA"), and (7) Hawaii Unfair or Deceptive Acts and Practices Statute (HRS § 480-1) ("UDAP"). These claims should be dismissed for at least the following reasons:

*First*, Plaintiffs' claims all fail because Plaintiffs do not allege a plausible defect. Plaintiffs' claims all rest on an alleged defect in the 12-volt battery and "charging system" of the Subject Vehicles, but they have offered no facts identifying

---

[1] Unless otherwise noted, all references to "Rule" herein are to the Federal Rule(s) of Civil Procedure.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

what that defect is or which particular component of the 12-volt battery or its "charging system" does not work. Plaintiffs merely describe the symptoms and effects of the purported defect. Plaintiffs have therefore failed to plead a plausible defect theory, and the Court should dismiss all claims on this basis.

*Second*, Plaintiffs' fraud-based claims, including fraudulent concealment and all four consumer protection claims—the UCL, FAL, CFA, and UDAP claims—fail under Rule 9(b)'s heightened pleading standard. Plaintiffs do not identify any actionable statement by any Defendant with particularity. Plaintiffs also fail to allege any omission or active concealment because Plaintiffs do not identify the specific information Defendants allegedly withheld, where that information should have been disclosed, any affirmative act of concealment, or facts showing that Defendants had pre-sale knowledge of the alleged defect and a duty to disclose it.

*Third*, Rodrick's UCL and FAL claims and Dade's UDAP claim fail on additional independent grounds, as Plaintiffs fail to plead various essential elements of those statutes.

*Fourth*, Plaintiffs' implied warranty of merchantability claim fails for three reasons: first, Plaintiffs fail to plead the applicable state law for the claim; second, Plaintiffs fail to plausibly allege that their vehicles were unmerchantable at the time of sale; third, Plaintiffs fail to allege privity between Plaintiffs and Defendants, and Plaintiffs fail to allege the third-party beneficiary exception applies here.

*Fifth*, Plaintiffs' unjust enrichment claim fails because Plaintiffs do not identify which state's law governs the unjust enrichment claim, and because it is not a valid cause of action under California law. Even if the Court construes it as a "quasi-contract" claim under California law, it nonetheless fails because Plaintiffs have not stated a viable quasi-contract theory of recovery.

*Sixth,* Plaintiffs' request for equitable relief under the UCL, FAL, and for unjust enrichment fails because Plaintiffs have an adequate legal remedy.

*Seventh*, Plaintiffs lack standing to seek injunctive relief because they allege only past battery-related incidents and do not plead any threat of future injury.

*Eighth*, Plaintiffs lack standing to assert claims on behalf of putative class members for vehicles Plaintiffs did not purchase or lease, and on behalf of the putative nationwide class.

*Finally*, Plaintiffs' request for punitive damages fails because Plaintiffs fail to allege any oppression, fraud, or malice by any of Defendants' officers, directors, or managing agents.

This Motion is based upon this Notice of Motion and Motion to Dismiss, the Memorandum of Points and Authorities, the Request for Judicial Notice, the Declaration of Jahmy S. Graham, the files and records in this case, and any oral and documentary evidence that may be adduced at the hearing on this matter.

Dated:  July 20, 2026

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:   */s/ Jahmy S. Graham*
Jahmy S. Graham
Rona Eli
Michael E. Seager

*Attorneys for Defendants*
TOYOTA MOTOR NORTH AMERICA, INC.; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.; TOYOTA MOTOR SALES, U.S.A., INC.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

# TABLE OF CONTENTS

Page(s)

I.    INTRODUCTION .................................................................................1

II.   RELEVANT FACTUAL ALLEGATIONS.................................................3

III.  LEGAL STANDARD ..........................................................................5

IV.   ARGUMENT....................................................................................6

  A.  Plaintiffs Do Not Plausibly Allege A Defect..................................6

  B.  Plaintiffs' Fraud-Based Claims All Fail Because They Do Not Plead Any Actionable Misrepresentation, Omission, Pre-Sale Knowledge, or Duty to Disclose With Particularity under Rule 9(b). ......................................................................................7

    1.  Plaintiffs Fail to Allege Any Actionable Misrepresentation or Omission with Particularity...............................................7

    2.  Plaintiffs Fail to Allege Pre-Sale Knowledge with Particularity..........................................................................11

    3.  Plaintiffs Fail to Allege a Duty to Disclose........................13

  C.  The UCL, FAL, and UDAP Claims Fail on Additional Grounds. 17

  D.  Plaintiffs' Breach of Implied Warranty of Merchantability Claim Fails. .......................................................................................18

  E.  Plaintiffs' Unjust Enrichment Claim Fails...................................21

  F.  Plaintiffs' Request for Equitable Relief Fails Because Plaintiffs Fail to Plausibly Allege Lack of an Adequate Legal Remedy.......22

  G.  Plaintiffs Cannot Seek Injunctive Relief.....................................23

  H.  Plaintiffs Lack Standing Regarding Vehicles They Do Not Own or Lease and to Represent a Nationwide Class. ...............................23

  I.  Plaintiffs' Request for Punitive Damages Fails............................25

V.    CONCLUSION ...............................................................................25

# TABLE OF AUTHORITIES

Page(s)

Cases

*Antonov v. Gen. Motors LLC*,
  2024 WL 217825 ............................................................................................ 17

*Argabright v. Rheem Mfg. Co.*,
  201 F. Supp. 3d 578 (D.N.J. 2016) ...................................................... 11, 13, 14, 16

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................... 5

*Augustine v. Talking Rain Beverage Co., Inc.*,
  386 F. Supp. 3d 1317 (S.D. Cal. 2019) ................................................................. 19

*Beavers-Gabriel v. Medtronic, Inc.*,
  15 F. Supp. 3d 1021 (D. Haw. 2014) .................................................................... 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................... 5

*Berenblat v. Apple, Inc.*,
  2010 WL 1460297 (N.D. Cal. Apr. 9, 2010) .......................................................... 13

*Birdsong v. Apple, Inc.*,
  590 F.3d 955 (9th Cir. 2009) ............................................................................. 19

*Blissard v. FCA US LLC*,
  2018 WL 6177295 (C.D. Cal. Nov. 9, 2018) .......................................................... 20

*Blowers v. Eli Lilly & Co.*,
  100 F. Supp. 2d 1265 (D. Haw. 2000) .................................................................. 18

*Bly–Magee v. Cal.*,
  236 F.3d 1014 (9th Cir. 2001) ............................................................................ 8

*Browning v. Am. Honda Motor Co.*,
  549 F. Supp. 3d 996 (N.D. Cal. 2021) ................................................................ 6, 7

*Cadena v. Am. Honda Motor Co.*,
  2019 WL 3059931 (C.D. Cal. May 29, 2019) ......................................................... 13

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*Cho v. Hyundai Motor Co.*, Ltd.,
    636 F. Supp. 3d 1149 (C.D. Cal. 2022) ....................................................... 10, 11, 24

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008) ................................................................. 20

*Coba v. Ford Motor Co.*,
    2013 WL 244687 (D.N.J. Jan. 22, 2013) ................................................... 16

*Cordes v. Boulder Brands USA, Inc.*,
    2018 WL 6714323 (C.D. Cal. Oct. 17, 2018) ............................................. 24

*Cortez v. Handi-Craft Co., Inc.*,
    2025 WL 1452561 (N.D. Cal. Apr. 29, 2025) ............................................. 15

*Epperson v. Gen. Motors, LLC*,
    706 F. Supp. 3d 1031 (S.D. Cal. 2023) ...................................................... 9

*Gershfeld v. TeamViewer US, Inc.*,
    2021 WL 3046775 (N.D. Cal. July 20, 2021) ............................................. 21

*Goldstein v. Gen. Motors LLC*,
    445 F. Supp. 3d 1000 (S.D. Cal. 2020) ...................................................... 10

*Goldstein v. Gen. Motors LLC*,
    517 F. Supp. 3d 1076 (S.D. Cal. 2021) ...................................................... 23

*Granfield v. NVIDIA Corp.*,
    2012 WL 2847575 (N.D. Cal. July 11, 2012) ............................................. 24

*Griffith v. TikTok, Inc.*,
    2023 WL 9019035 (C.D. Cal. Dec. 13, 2023) ............................................. 21

*Hadley v. Kellogg Sales Co.*,
    243 F. Supp. 3d 1074 (N.D. Cal. 2017) ...................................................... 17

*Hammerling v. Google LLC*,
    615 F. Supp. 3d 1069 (N.D. Cal. 2022) ...................................................... 14

*Harper Constr. Co., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
    2020 WL 1820124 (S.D. Cal. Apr. 10, 2020) ............................................. 25

*Harris v. LSP Prods. Grp., Inc.*,
    2021 WL 2682045 (E.D. Cal. June 30, 2021) ............................................. 17

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*Higginbottom v. Dexcom, Inc.,*
  744 F. Supp. 3d 1058 (S.D. Cal. 2024) ...................................................................... 6

*Hodsdon v. Mars, Inc.,*
  891 F.3d 857 (9th Cir. 2018) ................................................................... 14, 15, 17

*Hunter v. FCA US LLC,*
  2023 WL 4828013 (N.D. Cal. July 27, 2023) ........................................................ 22

*Immobiliare, LLC v. Westcor Land Title Ins. Co.,*
  424 F. Supp. 3d 882 (E.D. Cal. 2019) .................................................................. 14

*In re Cal. Gasoline Spot Mkt. Antitrust Litig.,*
  2021 WL 1176645 (N.D. Cal. Mar. 29, 2021) ....................................................... 22

*In re MyFord Touch Consumer Litig.,*
  46 F. Supp. 3d 936 (N.D. Cal. 2014) .................................................................... 16

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television
  Litig.,*
  758 F. Supp. 2d 1077 (S.D. Cal. 2010) .................................................................. 9

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods.
  Liab. Litig.,*
  754 F. Supp. 2d 1145 (C.D. Cal. 2010) ................................................................ 21

*In re Trader Joe's Co. Dark Chocolate Litig. ("In re Trade*r Joe's"),
  726 F. Supp. 3d 1150 (S.D. Cal. 2024) ..................................................... 7, 19, 21

*Johns v. Bayer Corp.,*
  2010 WL 476688 (S.D. Cal. Feb. 9, 2010) ............................................................ 24

*Karunatilaka v. Tesla, Inc.,*
  2024 WL 5466701 (C.D. Cal. Aug. 14, 2024) ....................................................... 19

*Kearns v. Ford Motor Co.,*
  567 F.3d 1120 (9th Cir. 2009) ..................................................................... 6, 8, 11

*Kent v. Hewlett-Packard Co.,*
  2010 WL 2681767 (N.D. Cal. July 6, 2010) ............................................................ 8

*Ketayi v. Health Enrollment Grp.,*
  516 F. Supp. 3d 1092 (S.D. Cal. 2021) ................................................................ 22

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*Lassen v. Nissan N. Am., Inc.*,
   211 F. Supp. 3d 1267 (C.D. Cal. 2016) .................................................................. 23

*Ludwig v. FCA US LLC*,
   795 F. Supp. 3d 525 (D.N.J. 2025) ................................................................... 16, 18

*M&M Trucking Gudullu, LLC v. Liberty Kenworth-Hino Truck Sales, Inc.*,
   653 F. Supp. 3d 162 (D.N.J. 2023) ........................................................................ 10

*Mazza v. Am. Honda Motor Co., Inc.*,
   666 F.3d 581 (9th Cir. 2012) .................................................................................. 25

*McMahon v. Volkswagen Aktiengesellschaft*,
   2023 WL 4045156 (D.N.J. June 16, 2023) ............................................................. 12

*Miller v. Ford Motor Co.,*
   620 F. Supp. 3d 1045 (E.D. Cal. 2022) .................................................................. 20

*Nelson v. Xacta 3000 Inc.*,
   2009 WL 4119176 (D.N.J. Nov. 24, 2009) ............................................................. 21

*Parenteau v. General Motors, LLC*,
   2015 WL 1020499 (C.D. Cal. Mar. 5, 2015) .......................................................... 10

*Pelayo v. Hyundai Motor Am., Inc.*,
   2021 WL 1808628 (C.D. Cal. May 5, 2021) .................................................... 6, 7, 11

*Philips v. Ford Motor Co.*,
   726 F. App'x 608 (9th Cir. 2018) ........................................................................... 22

*Reilly v. Davids Nat. Toothpaste, Inc.*,
   827 F. Supp. 3d 1326 (C.D. Cal. 2026) ............................................................. 14, 17

*Resnick v. Hyundai Motor Am., Inc.,*
   2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) ......................................................... 13

*Robinson v. J.M. Smucker Co.*,
   2019 WL 2029069 (N.D. Cal. May 8, 2019) ........................................................... 25

*Rodriguez v. FCA US LLC*,
   2023 WL 3150075 (C.D. Cal. Mar. 21, 2023) ......................................................... 22

*Rothman v. Equinox Holdings, Inc.*,
   2021 WL 1627490 (C.D. Cal. Apr. 27, 2021) ......................................................... 25

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*Rutherford Holdings, LLC v. Plaza Del Rey,*
223 Cal. App. 4th 221 (2014) ................................................................................ 21

*Ryan v. Salisbury*,
2019 WL 2121518 (D. Haw. May 14, 2019)............................................... 8, 16, 18

*Salameh v. Tarsadia Hotel*,
726 F.3d 1124 (9th Cir. 2013) ............................................................................ 5, 8

*Sherman v. Stryker Corp.*,
2009 WL 2241664 (C.D. Cal. Mar. 30, 2009).......................................................... 9

*Sloan v. Gen. Motors LLC*,
2017 WL 3283998 (N.D. Cal. Aug. 1, 2017) ......................................................... 12

*Smith v. Ford Motor Co.*,
749 F. Supp. 2d 980 (N.D. Cal. 2010).................................................................... 15

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) ................................................................................ 22

*Sponchiado v. Apple Inc.*,
2019 WL 6117482 (N.D. Cal. Nov. 18, 2019) ....................................................... 25

*Stanton v. Bank of Am., N.A.*,
2010 WL 4176375 (D. Haw. Oct. 19, 2010) ......................................................... 11

*Stewart v. Electrolux Home Prod., Inc.*,
304 F. Supp. 3d 894 (E.D. Cal. 2018) ................................................................... 17

*Stratis v. BMW of N. Am., LLC*,
2023 WL 3092188 (D.N.J. Apr. 26, 2023).............................................................. 8

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ..................................................................... 8, 9, 18

*Swearingen v. Late July Snacks LLC*,
2017 WL 1806483 (N.D. Cal. May 5, 2017)........................................................... 25

*T.K. v. Adobe Sys. Inc.*,
2018 WL 1812200 (N.D. Cal. Apr. 17, 2018)......................................................... 23

*Troup v. Toyota Motor Corp.*,
545 F. App'x 668 (9th Cir. 2013).......................................................................... 19

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*Williams v. Yamaha Motor Co.*,
  851 F.3d 1015 (9th Cir. 2017) .......................................................................... 13, 15

*Wilson v. Hewlett-Packard Co.*,
  668 F.3d 1136 (9th Cir. 2012) .......................................................................... 11, 14

*Wong v. Am. Honda Motor Co.*,
  2024 WL 612939 (9th Cir. Feb. 14, 2024) ............................................................ 12

Statutes

Cal. Bus. & Prof. Code § 17200.......................................................................... 1, 17

Cal. Bus. & Prof. Code § 17500................................................................................ 1

Cal. Civ. Code § 3294(a)......................................................................................... 25

Haw. Rev. Stat. § 480-1 ............................................................................................ 1

HRS § 480-2 ......................................................................................................... 8, 18

N.J. Stat. Ann. § 56:8-1 ............................................................................................ 1

Rules

Fed. R. Civ. P. 10 ...................................................................................................... 1

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Toyota Motor North America Inc. ("TMNA"), Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"), and Toyota Motor Sales, U.S.A., Inc. ("TMS") (collectively, "Defendants") respectfully submit their Motion to Dismiss Plaintiffs Francis Rodrick ("Rodrick"), Robert Dade ("Dade"), and Jamie Pabilonia's ("Pabilonia," and together with Rodrick and Dade, "Plaintiffs") Class Action Complaint ("Complaint").

## **I. INTRODUCTION**

Plaintiffs bring this putative class action[2] on behalf of purchasers and lessees of 2022–2026 Lexus RX and Lexus NX vehicles (the "Subject Vehicles"), alleging that every Subject Vehicle contains a defect in its 12-volt battery charging system that causes the battery to lose charge thus rendering the vehicles "unfit for ordinary use." Compl. ¶¶ 2*, 3*.[3] Plaintiffs further allege that Defendants "failed to disclose" this alleged defect to Plaintiffs and putative class members. *Id.* ¶ 2*. Plaintiffs' claims all fail as a matter of law for several independent reasons.

*First*, Plaintiffs' claims all fail because they do not allege a plausible defect. Plaintiffs' claims all rest on an alleged defect in the 12-volt battery and "charging system" of the Subject Vehicles, but they have offered no facts identifying what that defect is or which particular component of the 12-volt battery or its "charging system" does not work. *See id.* ¶ 2*. Plaintiffs merely describe symptoms and effects of a

---

[2] Plaintiffs assert seven causes of action: (1) Fraud by Omission or Fraudulent Concealment; (2) Breach of the Implied Warranty of Merchantability; (3) Unjust Enrichment; (4) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"); (5) violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 ("FAL"); (6) violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 ("CFA"); and (7) violation of Hawaii's Unfair or Deceptive Acts and Practices Statute, Haw. Rev. Stat. § 480-1 *et seq.* ("UDAP").

[3] The Complaint's numbering is not consecutive. *See* S.D. Cal. CivLR 5.1(j); Fed. R. Civ. P. 10. The Complaint is numbered 1 through 22, and then restarts numbering again with 1. To avoid confusion, Defendants differentiate the first set of 1-22 paragraphs with the * symbol after it.

purported defect. Plaintiffs have therefore failed to plead a plausible defect theory, and the Court should dismiss all claims on this basis.

*Second*, Plaintiffs' fraud-based claims, including fraudulent concealment/omission and all four consumer protection claims—the UCL, FAL, CFA, and UDPA claims—fail under Rule 9(b)'s heightened pleading standard. Plaintiffs do not identify any actionable misrepresentation, omission, or active concealment with particularity.

*Third*, Rodrick's UCL and FAL claims and Dade's UDAP claim fail on additional independent grounds, as Plaintiffs fail to plead various essential elements of those statutes.

*Fourth*, Plaintiffs' implied warranty of merchantability claim fails for three reasons: (1) Plaintiffs fail to plead the applicable state law for the claim; (2) Plaintiffs fail to plausibly allege their vehicles were unmerchantable at the time of sale; (3) Plaintiffs fail to plausibly allege privity or the third-party beneficiary exception.

*Fifth*, Plaintiffs' unjust enrichment claim fails because Plaintiffs do not identify which state's law governs the unjust enrichment claim and because it is not a valid cause of action under California law. Even if the Court construes it as a quasi-contractual claim under California law, it nonetheless fails because Plaintiffs have not pled a viable quasi-contract theory of recovery.

*Sixth,* Plaintiffs' request for equitable relief under the UCL, FAL, and unjust enrichment fails because Plaintiffs do not plausibly allege the absence of an adequate legal remedy.

*Seventh*, Plaintiffs lack standing to seek injunctive relief because they allege only past battery-related issues and do not plead any threat of future injury.

*Eighth*, Plaintiffs lack standing to assert claims on behalf of putative class members for vehicles they did not purchase, and on behalf of the putative nationwide class.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*Finally*, Plaintiffs' request for punitive damages fails because Plaintiffs fail to allege any oppression, fraud, or malice by any of Defendants' officers, directors, or managing agents. For these reasons, and as more fully set forth below, Defendants respectfully move to dismiss Plaintiffs' Complaint in its entirety.

## II.   RELEVANT FACTUAL ALLEGATIONS

Plaintiffs allege that "Toyota"[4] failed to disclose a purported defect in the 12-volt "battery charging systems" of "model year 2022-2026 Lexus RX and NX vehicles,"[5] and that "Toyota" purportedly failed to repair that alleged defect. *Id*. ¶ 2*. Plaintiffs further allege the 12-volt battery powers the motor and vehicle accessories, such as lights and windshield wipers, and is "recharged by driving the [Subject] Vehicles." *Id.* ¶¶ 23-24. Without identifying how the 12-volt "battery charging system" is defective or which component of the battery charging system is defective, Plaintiffs allege the purported defect causes the 12-volt batteries in the Subject Vehicles to "repeatedly lose their charge" and "requires the premature replacement of th[e] batteries." *Id.* ¶ 2*. Plaintiffs further allege the 12-volt batteries "rapidly drain until empty prematurely ***when the vehicle is not in operation.***" *Id.* ¶ 24 (emphasis added). Plaintiffs do not allege that they experienced battery drain or premature battery failure ***while their vehicles were in motion***. *See generally* Compl.

Plaintiff Rodrick.  Rodrick allegedly purchased a 2024 Lexus RX350h at a dealership in El Cajon, California.[6] *Id.* ¶ 12*. Rodrick claims that after approximately 6,000 miles, his 12-volt battery died, but the dealer replaced it with a larger battery[7] and Rodrick does not allege any battery failure since then. *Id.* ¶¶ 15-20*.

---

[4] Plaintiffs lump all three defendants together throughout the Complaint, without attempting to distinguish which Toyota entity engaged in the conduct described.
[5] Previously defined as "Subject Vehicles."
[6] Rodrick does not allege when he purchased his vehicle. *See* Compl. ¶ 12*.
[7] Rodrick does not allege any out-of-pocket costs for the battery replacement. *See* Compl. ¶ 16*.

3                                        26cv3210
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Plaintiff Dade. Dade allegedly purchased a 2024 Lexus RX450+ at a dealership in Maui, Hawaii.[8] *Id*. ¶ 1. Dade claims that his battery died several times but each time he was able to jump start his vehicle. *Id*. ¶¶ 2-5. Dade allegedly scheduled a service appointment for July 2026 but does not allege that he has requested or has had his 12-volt battery replaced. *Id*. ¶¶ 2-8. Nor does he allege that he stopped driving his vehicle because of the alleged defect. *Id*.

Plaintiff Pabilonia. Pabilonia purchased a 2023 Lexus RX350h at a dealership in Englewood, New Jersey. *Id*. ¶ 9. She claims that after 36,510 miles, her battery died. *Id*. ¶ 10. After an unsuccessful jumpstart attempt that purportedly "fried" a component of her battery, Lexus Roadside Assistance helped tow Pabilonia's vehicle to a dealership. *Id*. ¶ 10-11. The dealership ordered the necessary parts to repair the battery. *Id*. Pabilonia does not allege any further problems with the 12-volt battery since then. *Id*. ¶¶ 11-15. Pabilonia alleges her vehicle also required a battery replacement but does not allege whether the dealer replaced battery. *Id*. ¶ 11.

Plaintiffs allege, based on Technical Service Bulletins ("TSBs"), unspecified "pre-release testing," and a handful of complaints submitted to National Highway Traffic Safety Administration ("NHTSA") and in online forums, that Defendants[9] knew about the purported defect before Plaintiffs purchased their vehicles. Compl. ¶¶ 25-28, 33-36.

TSBs. Plaintiffs allege that in 2023 and 2024, Defendants[10] issued three (3) TSBs regarding pre-delivery and storage maintenance guidance for 12-volt batteries:

---

[8] Dade does not allege when he purchased his vehicle. *See* Compl. ¶ 1.

[9] Plaintiffs do not allege TEMA manufactured the Subject Vehicles or any of their component parts and, therefore, have not plausibly alleged TEMA is a proper defendant. Compl. ¶ 17*. Defendants reserve their rights to move to dismiss or for judgment on the pleadings as to any improperly named defendants on the basis that a party is not a proper party in interest.

[10] Plaintiffs, again, lump all three defendants together without distinguishing which particular Toyota entity issued the subject TSBs. On the face of the TSBs, TMS is the entity that issued the respective TSBs. *See Compl.* ¶¶ 26-28.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

(1) TSB L-SB-0016-23, for guidance on 12-volt battery maintenance during a dealer's pre-delivery service; (2) TSB L-SB-0015-23, for guidance on 12-volt battery maintenance for hybrid and electric vehicles during a dealer's pre-delivery service; and (3) TSB L-SB-0001-24, to include additional models in the guidance. *See Id.* ¶¶ 26-28. None of these TSBs identifies or describes any purported design, manufacturing, or performance defects in the 12-volt charging and battery systems. *See id.* n.8-10. Instead, the TSBs provide guidance on maintenance procedures to address ordinary factors that can affect a battery's "state of charge" during transportation and long-term vehicle storage, and to promote proper battery condition and customer satisfaction at delivery. *See id.*

NHTSA and online forum complaints. Plaintiffs allege that between May 2024 and May 2025, owners or lessees of Lexus RX hybrid and NX hybrid vehicles submitted complaints to NHTSA and to various online forums regarding purported battery failure issues. Compl. ¶ 36. Plaintiffs conclusorily allege "Defendants" are obligated to monitor NHTSA complaints but do not allege that Defendants, or which particular Toyota entity, if any, actually monitored the online forum complaints. Compl. ¶ 35.

## III.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This Court is "not bound to accept as true a legal conclusion couched as a factual allegation," and should not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions. *See Iqbal*, 556 U.S. at 679-79; *Twombly*, 550 U.S. at 555-56, 570. Where, as here, claims sound in fraud or deception, Rule 9(b) requires Plaintiffs to plead the "who, what, when, where, and how" of the alleged misconduct with particularity. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (internal citations omitted). Rule 9(b) applies to statutory consumer-protection claims

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

grounded in alleged misrepresentations or omissions. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126-27 (9th Cir. 2009).

## IV.  ARGUMENT

### A.    Plaintiffs Do Not Plausibly Allege A Defect.

To adequately plead a product defect, a complaint must "'contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" *Browning v. Am. Honda Motor Co.*, 549 F. Supp. 3d 996, 1005 (N.D. Cal. 2021) (internal citation omitted). A complaint provides "fair notice" of the purported defect if it "'(1) identifies the particular part or system affected by the defect, and (2) describes the problems allegedly caused by the defect.'" *Id.* Allegations describing only the "effects of the alleged defect" are insufficient. *Pelayo v. Hyundai Motor Am., Inc.*, 2021 WL 1808628, at *5 (C.D. Cal. May 5, 2021).[11] In *Browning*, for example, plaintiffs alleged certain Honda vehicles contained a defect that caused the vehicles to exhibit certain symptoms, including "rough, delayed, or sudden shifting or failure to shift…and sudden loss of power." 549 F. Supp. 3d at 1006. The *Browning* court, finding that the plaintiff pled only *symptoms* of a defect, dismissed the entire complaint under Rule 8(a)(2) for failure to give the defendant "proper notice of what, exactly, it must defend." *Id.* at 1005. The court further found that although the plaintiff broadly "identif[ied] the [t]ransmission as the system affected by the defect," such allegations were "too general" since "[t]he transmission [was] composed of innumerable component parts and interrelated systems." *Id.* at 1006. Given the complaint failed to explain "why the symptoms occur[red] or what parts within the [t]ransmission [were] affected," the Court concluded the "amorphous defect allegation could unfairly subject [the defendant] to the expense of prolonged discovery and continued litigation." *Id.* at 1006-07. The same applies here. Plaintiffs

---

[11] *See also Higginbottom v. Dexcom, Inc.,* 744 F. Supp. 3d 1058, 1083-1084 (S.D. Cal. 2024) (granting motion to dismiss where plaintiff failed to allege nonconclusory facts identifying the specific aspects of how product was defective).

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

define the alleged battery defect solely by its symptoms: that "the batteries [purportedly] die without warning, potentially stranding their drivers and passengers." Compl. ¶ 3*. Plaintiffs describe the alleged defect as a defect in the "12-volt charging and battery systems in the [Subject] Vehicles" but do not describe *what* that defect purportedly is. Compl. ¶ 24. Plaintiffs do not even describe what component within the "12-volt charging and battery system[]"—a system composed of multiple component parts and "interrelated systems"—is purportedly defective. *Id.*; Browning, 549 F. Supp. 3d at 1006. These are the exact sort of "amorphous defect allegation[s]" rejected in *Browning* and which should be rejected here. *Id.* at 1007.[12]

### B. Plaintiffs' Fraud-Based Claims All Fail Because They Do Not Plead Any Actionable Misrepresentation, Omission, Pre-Sale Knowledge, or Duty to Disclose With Particularity under Rule 9(b).

As a threshold matter, Plaintiffs' fraud-based claims—fraudulent concealment[13] and violation of the UCL, FAL, CFA, and UDPA—fail under Rule 9(b) because Plaintiffs do not plead with particularity (1) any actionable misrepresentation or omission, (2) pre-sale knowledge, or (3) any duty to disclose.

### 1. Plaintiffs Fail to Allege Any Actionable Misrepresentation or Omission with Particularity.

Plaintiffs' fraud-based claims appear to be premised on alleged affirmative misrepresentations and purported omissions, but Plaintiffs fail to plead fraud with the requisite particularity.[14] Claims that sound in fraud are subject to Rule 9(b)'s

---

[12] *see also, e.g., Pelayo,* 2021 WL 1808628 at *5 (dismissing a complaint for "failing to allege that any specific design feature, component, mechanism, or function" within the engine was defective).

[13] Plaintiffs fail to identify the legal basis for their fraudulent concealment claim and instead assert a generalized common law claim. That is insufficient as a matter of law. *See In re Trader Joe's Co. Dark Chocolate Litig. ("In re Trader Joe's")*, 726 F. Supp. 3d 1150, 1174 (S.D. Cal. 2024) ("Neither the Defendant nor the Court should have to speculate as to the legal basis for a claim particularly when assessing whether claims on behalf of a nationwide class should be dismissed."). In any event, Count I fails for failure to sufficiently plead under California, New Jersey, and Hawaii laws.

[14] *See e.g.*, Compl. ¶¶ 31, 81, 101, 113 (alleging, *i.e.*, that Defendants "knowingly and intentionally concealed material facts").

7

26cv3210

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

heightened pleading requirements. [15] Because Plaintiffs' fraud-based claims allege that "Defendants" misrepresented the Subject Vehicle features, the Complaint must provide "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).[16] The particularity requirement ensures Defendants receive "notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly–Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quotation and citation omitted). Here, Plaintiffs' vague allegations fall woefully short of the requisite particularity for the following reasons.

***First,*** Plaintiffs fail to plead any actionable misrepresentation. Plaintiffs provide conclusory allegations that "Defendants misrepresented that the Class Vehicles were safe and free from defects" and that Plaintiffs and putative class members "relied upon Defendants' misrepresentations." Compl. ¶ 48. But Plaintiffs do not identify a single actionable statement by TMS, TEMA, or TMNA—much less plead the "who, what, when, where, and how" of any alleged misrepresentation. *Salameh*, 726 F.3d 1124, 1133. Plaintiffs do not allege what any Defendant entity said, when they said it, where the statement appeared, which Plaintiff saw or heard it,

---

[15] *See Kent v. Hewlett-Packard Co.*, 2010 WL 2681767, at *10 (N.D. Cal. July 6, 2010) ("Allegations of active concealment sound in fraud and thus must meet the heightened pleading requirements of [Rule 9(b)]."); *Ryan v. Salisbury*, 2019 WL 2121518, at *7 (D. Haw. May 14, 2019) ("Claims asserting deceptive conduct under HRS § 480-2 are subject to Rule 9(b)'s heightened pleading standard."); *Stratis v. BMW of N. Am., LLC*, 2023 WL 3092188, at *11 (D.N.J. Apr. 26, 2023) (dismissing NJCFA claim for failure to plead with particularity, including failing to allege who possessed knowledge, when concealment occurred, or that the alleged defect was certain to cause failure).

[16] *See also Kearns*,567 F.3d at 1126-27 (9th Cir. 2009) (holding that general allegations about a car company's marketing, dealership materials, and sales statements are insufficient under Rule 9(b) as it fails to identify the specific representations relied on by the plaintiff).

8                                                    26cv3210
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

or how that statement affected any purchase decision. *See generally* Compl. Plaintiffs likewise do not identify any advertisement, brochure, website statement, specific dealership communication, or other representation containing any alleged misrepresentation. *See*, *e.g.*, *id*. ¶¶ 14*, 1-15. Dade and Pabilonia do not even allege that they conducted any pre-purchase research, such as reading advertisements, visiting a website or dealership, or reviewing any materials where the allegedly omitted information could have been provided. *See id*. ¶¶ 1-15. Nor does any Plaintiff allege any misrepresentations that happened at point of sale, including when each Plaintiff purchased the vehicle, what each Plaintiff reviewed before purchase, what each Plaintiff relied on, or whether any alleged representation occurred prior to purchase.[17] Furthermore, generalized statements about a vehicle being "safe and reliable" are non-actionable puffery.[18] Plaintiffs have therefore failed to plead a misrepresentation sufficient to satisfy the heightened Rule 9(b) standard.

**Second**, Plaintiffs do not delineate the conduct of each Defendant. Rule 9(b) "require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz*, 476 F.3d at 764–65.[19] Here, the Complaint does not distinguish each Defendant's purported behavior in Plaintiffs' fraud-based allegations. *See*, *e.g.,* Compl. ¶¶ 81, 83, 91, 102. Instead, Plaintiffs broadly assert that all Defendants—*i.e.*, TMS, TEMA, and TMNA—make the same purported

---

[17] *See Epperson v. Gen. Motors, LLC,* 706 F. Supp. 3d 1031, 1038-39 (S.D. Cal. 2023) (concluding that Rule 9(b)'s particularity requirement was not satisfied because plaintiff failed to allege who made the alleged misrepresentation, when it was made, or where it appeared).

[18] *See In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.,* 758 F. Supp. 2d 1077, 1089 (S.D. Cal. 2010) ("Vague or highly subjective claims about product superiority amount to non-actionable puffery").

[19] *See also Sherman v. Stryker Corp*., 2009 WL 2241664, at *2 (C.D. Cal. Mar. 30, 2009) (ANx) (citation omitted) (dismissing fraud-based claims for failing to distinguish which defendants made the unspecified misrepresentations at issue).

9                                                    26cv3210

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

misrepresentations. *Id.* Plaintiffs' failure to inform each Defendant of its alleged participation in fraud warrants dismissal under Rule 9(b).

*Third*, Plaintiffs do not identify any omissions or concealment by "Defendants" sufficient to satisfy the requisite pleading standard under Rule 9(b). "To sufficiently plead a claim for fraudulent omission, plaintiffs must 'establish a plausible method of disclosure and . . . establish that they would have been aware of information disclosed using that method[.]'" *Cho v. Hyundai Motor Co.*, Ltd., 636 F. Supp. 3d 1149, 1165 (C.D. Cal. 2022) (internal citation omitted). Plaintiffs must allege "the content of the omission and where the omitted information should or could have been revealed," as well as "representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." *Goldstein v. Gen. Motors LLC,* 445 F. Supp. 3d 1000, 1018 (S.D. Cal. 2020) (internal citation omitted).[20] Plaintiffs' bare-bones allegations state that Defendants made "fraudulent omissions of material information." Compl. ¶ 55; *see also id.* ¶¶ 81, 91, 92, 102, 114. But Plaintiffs do not identify the specific omission, where that information should have appeared, or whether any Plaintiff would have seen it before purchasing a vehicle, and therefore, cannot satisfy Rule 9(b).

---

[20] *See Parenteau v. General Motors, LLC*, 2015 WL 1020499, at *7 (C.D. Cal. Mar. 5, 2015) (plaintiffs must allege some "contact with Defendant (as distinct from the dealer) prior to purchasing [their] vehicle where omissions regarding the defect at issue should or could have been revealed."); *see also M&M Trucking Gudullu, LLC v. Liberty Kenworth-Hino Truck Sales, Inc.*, 653 F. Supp. 3d 162, 169 (D.N.J. 2023) (requiring plaintiffs to show defendants knowingly and intentionally omitted a material fact to induce reliance and with facts to support what material information was omitted); *Beavers-Gabriel v. Medtronic, Inc.*, 15 F. Supp. 3d 1021, 1038 (D. Haw. 2014) (allegations of reliance on defendant's concealment of a material fact were insufficient where the complaint failed to identify the specific omissions, who made them, or when they occurred).

10                                                                      26cv3210
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Plaintiffs' active concealment theory fails for the same reason: they fail to identify any affirmative act of concealment.[21] Here, Plaintiffs' active concealment allegations are nothing more than allegations of nondisclosure. *See, e.g.,* Compl. ¶ 31. Plaintiffs do not allege any facts that Defendants **_actively_** concealed any information regarding the alleged defect. *See generally* Compl. Plaintiffs cannot avoid Rule 9(b)'s heightened pleading requirement by repackaging generalized allegations of nondisclosure as active concealment.[22] Plaintiffs' fraud-based claims should all be dismissed for failure to plausibly allege an affirmative misrepresentations, omission, or active concealment.

### 2. Plaintiffs Fail to Allege Pre-Sale Knowledge with Particularity.

To plead a fraud-based claim, Plaintiffs must plausibly allege Defendants had knowledge of the alleged defect prior to Plaintiffs' purchases. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012).[23] Plaintiffs assert Defendants knew about the alleged defect based on TSBs, general "pre-sale testing," complaints to NHTSA, and other online forums. Compl. ¶¶ 33-36. None of these allegations support Plaintiffs' fraud-based claims as a matter of law for the following reasons.

---

[21] *See Cho,* 636 F. Supp. 3d at 1166 ("An allegation of active concealment must plead more than an omission; rather, a plaintiff must assert affirmative acts of concealment; *e.g*., that the defendant 'sought to suppress information in the public domain or obscure the consumers' ability' to discover it") (internal citation omitted).

[22] *See Kearns*, 567 F.3d at 1127 (rejecting the plaintiff's attempt to couch nondisclosure claims in "general pleadings alleging [the defendant's] intent to conceal from customers").

[23] *See also Pelayo*, 2021 WL 1808628, at *6 ("fraudulent omission and fraudulent concealment claims require [Plaintiffs] to allege that Defendants had knowledge of the alleged defect"); *Stanton v. Bank of Am., N.A.*, 2010 WL 4176375, at *12 (D. Haw. Oct. 19, 2010) (dismissing unfair and deceptive practices claim for failing to show knowledge by defendants); *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 602 (D.N.J. 2016) (same).

11                                              26cv3210
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*First*, Plaintiffs' unspecific "pre-release testing" allegations fail at the outset because they do not support a plausible inference of knowledge. Compl. ¶ 33; *see Wong v. Am. Honda Motor Co.*, 2024 WL 612939, at *2 (9th Cir. Feb. 14, 2024) (finding "allegations regarding pre-sale testing are too general and conclusory to support an inference of knowledge").[24] Plaintiffs do not identify what pre-sale testing occurred, which Toyota entity, if any, conducted that testing, or how that testing revealed any alleged defect before Plaintiffs purchased the Subject Vehicles. Generalized allegations that "Toyota" conducted "pre-release testing" and "quality control" in the ordinary course of business are insufficient. Compl. ¶ 33.[25]

*Second*, Plaintiffs allege the TSBs regarding battery maintenance procedures impute pre-sale knowledge of the alleged defect, but none of those TSBs reference or address any alleged battery defect. *See* Compl. ¶¶ 26-28. The TSBs outlined in the Complaint specifically address pre-delivery procedures for vehicles in storage to ensure optimal battery performance, maintenance for vehicles placed in storage, shipment recommendations, and pre-delivery battery maintenance for unrelated Lexus vehicles. *Id.* n.8-10. None of the TSBs "explicitly address[] the claimed defect." *Sloan v. Gen. Motors LLC*, 2017 WL 3283998, at *7 (N.D. Cal. Aug. 1, 2017) (noting oil-consumption TSBs that did not refer to the claimed defect did not suggest knowledge of that defect). Here, Plaintiffs do not allege whether the TSBs *pre-date* any of Plaintiffs' purchases because Plaintiffs have not alleged the dates of purchase of any of their vehicles. *See* Compl. ¶ 12*-15. Because the TSBs do not identify any alleged defect, and because Plaintiffs have not sufficiently alleged the TSBs pre-dated

---

[24] *See also McMahon v. Volkswagen Aktiengesellschaft*, 2023 WL 4045156, at *12 (D.N.J. June 16, 2023) (dismissing fraud claims where plaintiffs alleged only that it was "standard practice for auto manufacturers to engage in extensive pre-launch testing" without detailing specific test procedures or explaining how those procedures would have revealed the alleged defect).

[25] *Wong*, 2024 WL 612939, at *2.

12                                                                    26cv3210
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Plaintiffs' purchases, the TSBs cannot plausibly support an inference of pre-sale knowledge to any Defendant, especially the entities that did not issue the TSBs.

*Third*, Plaintiffs' reliance on NHTSA complaints and online forums also fails. Plaintiffs cite a handful of online complaints to suggest Defendants knew of a uniform defect. But Plaintiffs fail to allege that Defendants received, reviewed, tracked, or investigated those specific complaints—or even had *any* knowledge of those complaints—prior to any purchase by Plaintiffs.[26] Plaintiffs do not even allege sufficient facts to plead that the NHTSA complaints were made *before* any Plaintiff purchased their vehicle. Again, Plaintiffs do not allege the purchase dates for any of their vehicles. *See* Compl. ¶ 12*-15. The NHTSA complaints likely **post-date** Plaintiffs' purchases because the earliest NHTSA complaint was made in 2024.[27] *See* Compl. ¶ 36. Moreover, a limited number of NHTSA complaints and anonymous online posts, against the background of over 3.5 million vehicles (*see* Compl. ¶ 20) do not plausibly show that any Defendant, much less all Defendants, knew of an alleged uniform defect in the Subject Vehicles. *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1026 (9th Cir. 2017) (finding online complaints insufficient to show knowledge, particularly when there is not an "unusually high number of complaints").

### 3. Plaintiffs Fail to Allege a Duty to Disclose.

Plaintiffs' fraud-based claims fail to show "Defendants" have an affirmative duty to disclose the alleged defect. "To maintain a cause of action for fraud through

---

[26] *See Cadena v. Am. Honda Motor Co.*, 2019 WL 3059931, at *12 (C.D. Cal. May 29, 2019) (finding allegations based on NHTSA and other website complaints failed absent allegations that Honda actually tracked those complaints); *see also Resnick v. Hyundai Motor Am., Inc.,* 2017 WL 1531192, at *14 (C.D. Cal. Apr. 13, 2017) (finding anonymous online complaints did not establish knowledge of a widespread defect); *Berenblat v. Apple, Inc.,* 2010 WL 1460297, at *9 (N.D. Cal. Apr. 9, 2010) (finding consumer website complaints "merely establish the fact that some consumers were complaining" and were insufficient to show knowledge).

[27] *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 596 (D.N.J. 2016) (dismissing NJCFA and fraudulent concealment claims where plaintiffs relied on consumer reviews posted online *after* the plaintiffs had purchased the products).

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

nondisclosure or concealment of facts, there must be allegations demonstrating that the defendant was under a legal duty to disclose those facts." *Immobiliare, LLC v. Westcor Land Title Ins. Co.*, 424 F. Supp. 3d 882, 888 (E.D. Cal. 2019).[28] Plaintiffs fail to allege Toyota had any such duty under California, New Jersey, or Hawaii law for the following reasons.

*First*, Plaintiffs have not alleged a duty to disclose under California law. To state a duty to disclose, Plaintiffs are required to plead either a defect that "'relates to an unreasonable safety hazard'" or "is 'central to the product's function'" in addition to one of the *LiMandri* factors. *Reilly v. Davids Nat. Toothpaste, Inc.*, 827 F. Supp. 3d 1326, 1343 (C.D. Cal. 2026)) (declining to find duty to disclose based solely on *LiMandri* factors).[29] In *Wilson*, for instance, the court dismissed the plaintiffs' UCL claim for failure to disclose an alleged design defect that caused the plaintiffs' laptops to overheat, because the plaintiffs failed to allege "a sufficient nexus between the alleged design defect and the alleged safety hazard." *Wilson*, 668 F.3d at 1144. The *Wilson* plaintiffs alleged that the design defect "cause[d] the connection between the power jack and the motherboard to weaken, resulting in a loss of power to the [l]aptops" but did not allege "*how* the weakening or [loss of power]…cause[d] the [l]aptops to ignite." *Id.* (emphasis added). Similarly, here, Plaintiffs have alleged no facts to plausibly plead an unreasonable safety hazard exists or that the central functionality of their vehicles has been undermined. Beyond Plaintiffs' perfunctory references to "safety," which do not suffice under the pleading standards set by *Twombly* and *Iqbal*, Plaintiffs' complaint is void of allegations that rise to the standard

---

[28] *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 865 (9th Cir. 2018) ("Absent a duty to disclose, Plaintiff's CLRA, UCL and FAL claims are foreclosed."); *Argabright,* 201 F. Supp. 3d at 602–03 (requiring a duty to disclose for fraudulent omission claims)

[29] *See also Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1085 (N.D. Cal. 2022) (noting that "the Ninth Circuit and a majority of district courts" require the plaintiff to plead "materiality"—*i.e.*, safety—"and that the defect was central to the product's function" *in addition* to the *LiMandri* factors).

14                                                                26cv3210

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

of unreasonable safety hazard. *See*, *e.g.*, Compl. ¶¶ 72, 91, 99, 111; *see also Williams v. Yamaha Motor Co.*, 851 F.3d at 1028 (finding that plaintiffs failed to plead an unreasonable safety hazard where "the alleged safety risk is speculative and unsupported by factual allegations").[30] For instance, Plaintiffs allege their 12-volt batteries failed prematurely "***when the vehicle is not in operation***," but Plaintiffs do not allege any battery drain or premature battery failure ***while their vehicles were in motion***. Compl. ¶ 24 (emphasis added); *see also generally*, Compl. Plaintiffs also fail the central functionality test because they allege no defects that renders their vehicles "incapable of use." *Hodsdon,* 891 F.3d at 864. None of the Plaintiffs even alleges they stopped driving their vehicles due to the alleged defect.[31]

Under California law, a duty to disclose also arises when (1) the defendant is in a fiduciary relationship with the plaintiff; (2) the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) the defendant actively conceals a material fact from the plaintiff; and (4) the defendant makes partial representations but also suppresses some material fact. *Smith v. Ford Motor Co.,* 749 F. Supp. 2d 980, 987 (N.D. Cal. 2010) (citing the *LiMandri* factors). Here, Plaintiffs plead none of these elements: Rodrick does not allege a fiduciary or special relationship with Defendants, nor could he; he does not plausibly allege exclusive or superior pre-sale knowledge (*see supra* § IV.B(2)); and he does not identify any affirmative act of concealment or any partial representation by Toyota that required additional disclosure (*see supra* § IV.B(1)). Rodrick only alleges generically that Defendants do not disclose an alleged defect (*see* Compl. ¶ 83) and that Defendants

---

[30] *See Cortez v. Handi-Craft Co., Inc*., 2025 WL 1452561, at *4 (N.D. Cal. Apr. 29, 2025) (declining to find an unreasonable safety hazard based on "'conjectural and hypothetical injuries'" regarding microplastics exposure and its "*potential*…safety hazard.") (emphasis in original).

[31] Rodrick and Pabilonia had their batteries replaced without any further purported failures, and Dade has been able to continue driving his vehicle without a battery replacement. Compl. ¶¶ 15*-15.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

had a "superior position to know" of an alleged defect (*id.* ¶ 81). This is not enough to establish a duty to disclose. See *In re MyFord Touch Consumer Litig.,* 46 F. Supp. 3d 936, 960 (N.D. Cal. 2014) ("But where a plaintiff simply makes conclusory allegations that a defendant has superior knowledge, that is not enough to overcome a 12(b)(6) challenge"). Rodrick's UCL, FAL, and common-law fraud claims fail.

*Second*, the New Jersey fraud-based claims do not give rise to a duty to disclose. In New Jersey, a duty to disclose arises only in narrow circumstances where "(1) there is a fiduciary relationship between the parties; (2) when one party expressly reposits trust in another party, or else from the circumstances, such trust necessarily is implied; and (3) when the relationship involving the transaction is so intrinsically fiduciary that a degree of trust and confidence is required to protect the parties." *Argabright*, 201 F. Supp. 3d at 603. Pabilonia alleges none of those facts. *See* Compl. ¶¶ 9-15. Further, "New Jersey courts have found no special relationship between individual consumers and automobile manufacturers that would impose a duty to disclose on the manufacturers." *See Coba v. Ford Motor Co*., 2013 WL 244687, at *12 (D.N.J. Jan. 22, 2013).[32] Pabilonia's New Jersey fraud-based claims fail.

*Third*, Plaintiffs have not alleged a duty to disclose under Hawaii law, which requires plaintiffs to plead that a defendant (1) failed to disclose a fact that it knew may cause the plaintiff to act; and (2) the defendant had a duty to the plaintiff to exercise reasonable care to disclose that fact. *Ryan*, 2019 WL 2121518, at *9. Dade pleads neither. Dade does not plausibly allege pre-sale knowledge (*see supra* § IV.B(2)) or that there was a relationship between Dade and Toyota such that it required Toyota to disclose any alleged defect to him. *See generally*, Compl. Dade pleads no facts showing a fiduciary relationship. Compl. ¶¶ 1-8. Dade's fraudulent concealment/omission and UDAP claims therefore fail under Hawaii law.

---

[32] *See also Ludwig v. FCA US LLC*, 795 F. Supp. 3d 525, 556 (D.N.J. 2025). (dismissing NJCFA claim because New Jersey does not impose a duty on car manufacturers to disclose a safety defect).

16

26cv3210

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

### C.   The UCL, FAL, and UDAP Claims Fail on Additional Grounds.

***UCL***. Rodrick's UCL claim fails because the Complaint does not plausibly allege an unlawful, unfair, or fraudulent business practice based on an alleged omission. *See* Cal. Bus. & Prof. Code § 17200; *see also* Compl. ¶ 81. Rodrick alleges, for instance, that Defendants' conduct was "unlawful" because it purportedly violated various statutes, but does not allege how Defendants violated any of those statutes. *See* Compl. ¶ 85. The fraudulent prong fails because it is derivative of an inadequately pled fraud by omission claim.[33] *See supra*, § IV.B. Because Rodrick has not adequately alleged any actionable omission or fraud, he cannot repackage those same allegations as a UCL claim. *See Antonov v. Gen. Motors LLC*, 2024 WL 217825, at *12 (dismissing "fraudulent prong" of UCL claim because it "relie[d] on the same theories" the court rejected in its analysis of the plaintiff's fraudulent misrepresentation and fraudulent concealment claims). The unfair prong fails for the same reasons. *See* Compl. ¶¶ 81–85; see *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1104–05 (N.D. Cal. 2017) (dismissing unfair prong because it is based on inadequately alleged FAL and CLRA claims).

***FAL***. Rodrick's FAL claim fails because he does not identify any actionable false statement, advertisement, or representation made by any Defendant. This claim is premised almost entirely on allegations of a failure to disclose an alleged defect. *See* Compl. ¶¶ 90–92. But an "FAL claim is not cognizable when based solely on an omission of material information." *Stewart v. Electrolux Home Prod., Inc.*, 304 F. Supp. 3d 894, 907 (E.D. Cal. 2018). Rodrick vaguely alleges that he reviewed "literature on the Lexus website," spoke with a dealership salesperson, and reviewed unspecified materials before purchasing his vehicle. Compl. ¶ 14*. Rodrick never

---

[33] *See Harris v. LSP Prods. Grp., Inc.*, 2021 WL 2682045, at *13 (E.D. Cal. June 30, 2021) (when underlying claims fail, so does "unlawful" UCL claim); *see also Hodsdon v. Mars, Inc.*, 891 F.3d 857, 865 (9th Cir. 2018); *Reilly*, 2026 WL 1016736, at *10 (dismissing UCL and FAL claims based on an omission theory for failure to plead facts showing defendant had a duty to disclose).

17                                      26cv3210

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

identifies the content of any allegedly false statement, who made it, when it was made, where it appeared, or why it was false when made. Compl. ¶ 12*-22*. Nor does he identify any advertisement on which he allegedly relied. *Id.* In short, Rodrick does not identify the time, place, and specific content of the alleged misrepresentation, and therefore, he cannot satisfy Rule 9(b)'s particularity requirement for his FAL claim. *See Swartz*, 476 F.3d at 764.

*UDAP*. Dade's UDAP claim fails because he does not sufficiently plead a cognizable injury to business or property caused by an actionable UDAP violation. To state a UDAP claim, Dade must allege "(1) a violation of HRS § 480-2; (2) injury to [his] business or property resulting from such violation; and (3) proof of the amount of damages." *Ryan*, 2019 WL 2121518, at *6. Here, Dade vaguely alleges he would not have purchased his vehicle, or would have paid less, had additional information been disclosed. Compl. ¶ 115. But he does not allege any amount of damages, let alone any proof of that amount.[34] *Id.* ¶¶ 1-8, 107-118. Dade's alleged "anxiety" from Defendants' alleged deceptive or unfair practice fails to satisfy the UDAP's injury requirement. *See id.* ¶ 7; *Blowers v. Eli Lilly & Co.*, 100 F. Supp. 2d 1265, 1270 (D. Haw. 2000) (explaining the UDAP excludes recovery for personal injuries). This is a separate and independent basis to dismiss the UDAP claim.

### D.   Plaintiffs' Breach of Implied Warranty of Merchantability Claim Fails.

Plaintiffs' breach of implied warranty of merchantability claim fails for three reasons: *First*, implied warranty of merchantability claims are governed by state law and must be asserted as individual causes of action. *See Ludwig v. FCA US LLC*, 795 F. Supp. 3d 525, 543 (D.N.J. 2025) ("An implied warranty of merchantability is a

---

[34] Dade alleges he purchased a "battery tender" for $30 to "manage the battery health of his vehicle's battery," but he does not allege out-of-pocket expenses as an injury under this claim. *Id.* ¶¶ 2, 107-118. Even if he had, he cannot base his damages request on the battery tender because he does not allege the battery tender is "traceable" to a purported UDAP violation—*i.e.*, the alleged concealment or failure to disclose. *Ryan*, 2019 WL 2121518, at *7; Compl. ¶¶ 1-8, 107-118.

18                                              26cv3210

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

creature of state law."). Here, Plaintiffs do not plead whether their implied warranty of merchantability claim arises under California, New Jersey, Hawaii, or some other state's law. Compl. ¶¶ 57-64. Plaintiffs nevertheless assert their implied warranty claim on behalf of a ***nationwide*** class, requiring Defendants to "speculate" as to the legal basis for this claim and which state's law governs. *Id.*; *In re Trader Joe's*, 726 F. Supp. 3d at 1174. This is an independent basis to dismiss Plaintiffs' implied warranty claim.[35]

***Second***, this claim fails because Plaintiffs do not plausibly allege the Subject Vehicles are unmerchantable. The implied warranty of merchantability does not guarantee a defect-free vehicle; it requires only that it be sufficient for the vehicle's ordinary purpose, here transportation. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009). Allegations of intermittent battery discharge that were remedied through charging or battery replacement describe a repairable condition, not a vehicle that lacks the minimum level of fitness required for merchantability. *See Karunatilaka v. Tesla, Inc.*, 2024 WL 5466701, at *3 (C.D. Cal. Aug. 14, 2024) (holding that plaintiff's claim that a car battery "dies faster than expected . . . is not enough to maintain a claim for breach of the implied warranty of merchantability").[36] Similarly, here, Plaintiffs allege—at most—temporary battery failure that was remedied by charging, repairing, or replacing the battery. *See* Compl. ¶¶ 12*-15. Rodrick received a battery replacement from the dealer and has been able to continue driving his car

---

[35] *See Augustine v. Talking Rain Beverage Co., Inc.*, 386 F. Supp. 3d 1317, 1333 (S.D. Cal. 2019) ("Plaintiffs['] failure to identify which state laws govern their common law claims means the claims brought on behalf of the nationwide class have not been adequately pled").

[36] S*ee also Troup v. Toyota Motor Corp.*, 545 F. App'x 668, 669 (9th Cir. 2013) (dismissing plaintiffs' implied warranty claim because plaintiffs' claim that the vehicle's inaccurate gas gauge caused drivers to run out of gas is insufficient to plead the vehicle was "unfit for its intended purpose, as the alleged defect did not compromise the vehicle's safety, render it inoperable, or drastically reduce its mileage range" and "merely required the [plaintiffs] to refuel more often").

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

with more frequent charging and monitoring of his battery. *Id.* ¶¶ 16\*-22\*. Pabilonia alleges a singular battery failure that occurred after 36,000 miles but does not allege she is unable to continue driving her vehicle after the dealer fixed the battery. *Id.* ¶¶ 11-15. Dade has been able to jumpstart his battery after each purported failure and continues to drive his car. *Id.* ¶¶ 2-5. These allegations describe isolated and serviceable battery events, not vehicles that are unfit for their ordinary purpose, *i.e.*, transportation. *See Blissard v. FCA US LLC*, 2018 WL 6177295, at \*7 (C.D. Cal. Nov. 9, 2018) (vehicle defects requiring replacements generally do not establish unmerchantability where the vehicle's operability was not otherwise impaired).

**_Third_**, California requires privity of contract, which Plaintiffs lack with any of the three Defendants. *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (buyer and seller have direct vertical privity only when they are "adjoining links [in] the distribution chain"). Generally, a consumer "who buys from a retailer is not in privity with a manufacturer." *Id.* Plaintiffs allege privity is not required because Plaintiffs are third-party beneficiaries to Defendants' unspecified contracts with unspecified retailers. Compl. ¶ 63. This argument fails for two reasons: first, California courts have found that *Clemens* "forecloses a third-party beneficiary exception to the rule of privity" (*Miller v. Ford Motor Co.*, 620 F. Supp. 3d 1045, 1064 (E.D. Cal. 2022)); second, even if California law allowed a third-party beneficiary exception, Plaintiffs have not sufficiently pled that the exception applies based on their bare-bones allegations that they are third-party beneficiaries to Defendants' unspecified contracts with unspecified dealers. Compl. ¶ 63.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

### E.   Plaintiffs' Unjust Enrichment Claim Fails.

Plaintiffs' unjust enrichment claim fails for several independent reasons. ***First***, as a threshold matter, Plaintiffs do not identify which state's law governs the unjust enrichment claim—a claim that Plaintiffs assert individually and on behalf of the *nationwide* class and all state subclasses. Compl. ¶¶ 65-77. This defect alone warrants dismissal as "[n]either the Defendant nor the Court should have to speculate as to the legal basis for a claim particularly when assessing whether claims on behalf of a nationwide class should be dismissed." *In re Trader Joe's*, 726 F. Supp. 3d at 1174. ***Second***, Plaintiffs' unjust enrichment claim fails because it is "not a separate cause of action in California." *Gershfeld v. TeamViewer US, Inc.*, 2021 WL 3046775, at *3 (N.D. Cal. July 20, 2021).[37] Unjust enrichment is a "general principle, underlying various legal doctrines and remedies, rather than a remedy itself." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1194 (C.D. Cal. 2010) (internal citations omitted). Even if the Court construes it as a "quasi-contract" claim under California law, it nonetheless fails because Plaintiffs have not stated a viable quasi-contract theory of recovery. *See Griffith v. TikTok, Inc.*, 2023 WL 9019035, at *6 (C.D. Cal. Dec. 13, 2023) (dismissing unjust enrichment claim where plaintiffs "make no suggestion that their unjust enrichment claim presents a viable quasi-contract theory of recovery"). To state a quasi-contract claim, Plaintiffs must plausibly allege that the benefits conferred were "procured by fraud," and as stated above (*see supra* § IV.B), Plaintiffs have not done so. *Rutherford Holdings, LLC v. Plaza Del Rey,* 223 Cal. App. 4th 221, 231 (2014).

---

[37] Similarly, New Jersey does not recognize unjust enrichment "as an independent tort cause of action." *Nelson v. Xacta 3000 Inc.*, 2009 WL 4119176, at *7 (D.N.J. Nov. 24, 2009).

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

### F. Plaintiffs' Request for Equitable Relief Fails Because Plaintiffs Fail to Plausibly Allege Lack of an Adequate Legal Remedy.

Plaintiffs cannot seek equitable relief for their UCL,[38] FAL, and unjust enrichment claims[39] unless they "lack an adequate remedy at law." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). To establish the lack of an adequate legal remedy, the Complaint must plausibly allege facts suggesting that monetary damages would not make Plaintiffs whole. *Rodriguez v. FCA US LLC*, 2023 WL 3150075, at *3 (C.D. Cal. Mar. 21, 2023). Conclusory allegations that "[m]oney damages are not an adequate remedy" are insufficient because Plaintiffs must "explain why the remedies [they] requested in the complaint would be inadequate." *See* Compl. ¶ 77; *In re Cal. Gasoline Spot Mkt. Antitrust Litig.*, 2021 WL 1176645, at *7 (N.D. Cal. Mar. 29, 2021). Here, Plaintiffs seek unjust enrichment "in the alternative" and claim that they are entitled to monetary damages, but do not explain why those monetary damages are "inadequate or otherwise distinguish their request for restitution from their request for damages." [40] *In re Cal. Gasoline Spot Mkt. Antitrust Litig.*, 2021 WL 1176645 at *7; *see, e.g.*, Compl. ¶¶ 55-56 & 64. Numerous courts post-*Sonner* have rejected pleading in the alternative to circumvent the requirement that a plaintiff must plead monetary damages are an inadequate remedy. *See, e.g., In re Cal. Gasoline Spot Mkt. Antitrust Litig.*, 2021 WL 1176645, at *8 (dismissing equitable relief claims for failure to "explain why the remedies [the plaintiff] requested in the complaint would be inadequate"). This is an independent basis for dismissing Plaintiffs' UCL, FAL, and unjust enrichment claims. *See, e.g., Hunter v. FCA US LLC*, 2023 WL 4828013, at *4 (N.D. Cal. July 27, 2023)

---

[38] *Philips v. Ford Motor Co.*, 726 F. App'x 608, 609 (9th Cir. 2018) (affirming dismissal of UCL claim for failing "to plead the inadequacy of their legal remedies").

[39] The UCL, FAL, and unjust enrichment are all equitable claims. *See Ketayi v. Health Enrollment Grp.*, 516 F. Supp. 3d 1092, 1129 (S.D. Cal. 2021).

[40] Plaintiffs allege, for example, that money damages are inadequate for injunctive relief but do not explain why. See Compl. ¶ 77.

22

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

(dismissing equitable claims because plaintiff failed to plead lack of an adequate remedy at law).[41]

### G.      Plaintiffs Cannot Seek Injunctive Relief.

Plaintiffs' request for injunctive relief fails because Plaintiffs do not allege any future injury that is "actual and imminent, not conjectural or hypothetical." *T.K. v. Adobe Sys. Inc.*, 2018 WL 1812200, at \*14 (N.D. Cal. Apr. 17, 2018). The Complaint alleges only past harm.[42] Further, Plaintiffs allege no actual or imminent battery failure.[43] Plaintiffs therefore fail to allege any immediate threat of future injury from Defendants' alleged conduct, or that Plaintiffs would be misled in the future by Defendants' alleged conduct.[44]

### H.      Plaintiffs Lack Standing Regarding Vehicles They Do Not Own or Lease and to Represent a Nationwide Class.

*First*, Plaintiffs lack standing to pursue claims on behalf of putative class members who own or lease vehicles Plaintiffs do not own or lease. Plaintiffs purchased only *hybrid* models of the Subject Vehicles. Compl. ¶¶ 12\*-15. Yet they seek to represent a class of individuals who purchased all Subject Vehicle models, including *non-hybrid* models—*i.e.*, conventional, gas-powered vehicles, also known as Internal Combustion Engine ("ICE") vehicles. *Id.* ¶ 2\*. The "prevailing view" of district courts in the Ninth Circuit is that class action plaintiffs cannot bring claims for products they did not purchase (or lease) unless the products and alleged misrepresentations of the purchased and non-purchased products are "substantially

---

[41] *Goldstein v. Gen. Motors LLC*, 517 F. Supp. 3d 1076, 1088 (S.D. Cal. 2021) (dismissing UCL claim for failure to plead that plaintiffs "have no adequate remedy at law").

[42] *See e.g.,* Compl. ¶¶ 21\*, 7, 14 (alleging losses already suffered by Plaintiffs).

[43] *See id.* ¶¶ 16\*–20\*, 2–5, 10–11 (alleging prior battery issues that have been remedied).

[44] *See Lassen v. Nissan N. Am., Inc.*, 211 F. Supp. 3d 1267, 1280 (C.D. Cal. 2016) (allegations of future harm were purely speculative where vehicle failure arose from an isolated instance of leaving a vehicle running and plaintiffs never suffered any physical injury).

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

similar." *Cordes v. Boulder Brands USA, Inc.*, 2018 WL 6714323, at *5 (C.D. Cal. Oct. 17, 2018); *see also Cho*, 636 F. Supp. 3d at 1179. In *Cho*, for instance, the Court declined to find "substantial similarity" just because the vehicles plaintiffs purchased shared the same engine parts as the "non-purchased vehicles." *Cho*, 636 F. Supp. 3d at 1179-80. The Court held that plaintiffs must allege facts sufficient for the Court to conclude they "all suffer from substantially the same defect." *Id.* at 1156-57, 1180. Here, Plaintiffs fail to plausibly allege the alleged battery defect is substantially similar between hybrid and non-hybrid models.[45] And ***all*** the NHTSA complaints cited in the Complaint involve only ***hybrid*** vehicles. Compl. ¶¶ 34-36. Plaintiffs do not allege that battery charging mechanics are the same between hybrid and non-hybrid models, that the hybrid and non-hybrid models use the same 12-volt battery components or software design, or that any specific parts or components shared between the models may have prompted any alleged defect. *See generally* Compl. Moreover, Plaintiffs do not allege whether Defendants made different representations regarding hybrid and non-hybrid vehicles (*id.*) and the Court should dismiss Plaintiffs' class allegations regarding non-hybrid models of the Subject Vehicles.[46]

***Second***, Plaintiffs—residents of three states—seek to represent a nationwide class that includes "[a]ny person in the United States who purchased or leased, other than for resale, a [Subject] Vehicle." Compl. ¶ 38. But Plaintiffs lack standing to pursue claims on behalf of the putative nationwide class. Although class allegations "typically are tested" at the class certification stage, "[s]ometimes the issues are plain

---

[45] The TSBs referenced in the Complaint discuss battery maintenance procedures across all 2024 and 2025 Lexus RX and NX models, but they do not discuss or relate to any purported battery defect. Compl. ¶¶ 23-28.

[46] *See Johns v. Bayer Corp.*, 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010) (finding in a putative class action that a named plaintiff could not "expand the scope of his claims to include a product he did not purchase or advertisements relating to a product that he did not rely upon"); *see also Granfield v. NVIDIA Corp.*, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012) ("claims relating to products not purchased must be dismissed for lack of standing").

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Swearingen v. Late July Snacks LLC*, 2017 WL 1806483, at *9 (N.D. Cal. May 5, 2017). Here, Plaintiffs allege they purchased their vehicles in California, Hawaii, and New Jersey, and made "no allegations supporting a nexus" between California, Hawaii, or New Jersey law and vehicle purchases in any *other* state. *Swearingen*, 2017 WL 1806483, at *9. "[I]n a putative class action, claims arising under the laws of states in which no named plaintiff resides should be dismissed for lack of standing at the motion to dismiss stage." *Sponchiado v. Apple Inc.*, 2019 WL 6117482, at *7 (N.D. Cal. Nov. 18, 2019).[47] The Court should therefore dismiss the nationwide class allegations here.

## I.   Plaintiffs' Request for Punitive Damages Fails.

A plaintiff may recover punitive damages pursuant to Cal. Civ. Code § 3294(a) where "the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). To survive dismissal, a request for punitive damages "must include allegations relating to the corporation's officers, directors, or managing agents." *Harper Constr. Co., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2020 WL 1820124, at *7 (S.D. Cal. Apr. 10, 2020). "[A] company simply cannot commit willful and malicious conduct—only an individual can." *Robinson v. J.M. Smucker Co.*, 2019 WL 2029069, at *6 (N.D. Cal. May 8, 2019) (internal citation omitted). Here, Plaintiffs allege no such conduct by any officer, director, or managing agent of any Defendant, and are not entitled to punitive damages. *See generally* Compl.[48]

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint in its entirety.

---

[47] S*ee also Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 594 (9th Cir. 2012) ("[E]ach class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place.").

[48] *See Rothman v. Equinox Holdings, Inc.*, 2021 WL 1627490, at *12 (C.D. Cal. Apr. 27, 2021) (dismissing punitive damages allegations at the pleadings stage).

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Dated:  July 20, 2026

NELSON MULLINS RILEY &
SCARBOROUGH LLP

*/s/ Jahmy S. Graham*
Jahmy S. Graham
Rona Eli
Michael E. Seager

*Attorneys for Defendants*
TOYOTA MOTOR NORTH AMERICA, INC.;
TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA,
INC.; TOYOTA MOTOR SALES, U.S.A., INC.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 20, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first-class postage prepaid, to all counsel of record in this matter.

*/s/ Jahmy S. Graham*
Jahmy S. Graham

CERTIFICATE OF SERVICE