**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

FRANCIS RODRICK; ROBERT DADE; and JAMIE PABILONIA,

Plaintiffs,

v.

TOYOTA MOTOR NORTH AMERICA INC.; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.; and TOYOTA MOTOR SALES, U.S.A., INC.,

Defendants.

Case No.: 26-cv-03210-H-JLB

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AS MOOT**

[Doc. No. 16.]

On July 20, 2026, Defendants filed a motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. No. 16.) A hearing on Defendants' motion to dismiss is currently scheduled for Monday, September 14, 2026 at 10:30 a.m. On August 10, 2026, in lieu of filing an opposition to the motion to dismiss, Plaintiffs filed a first amended complaint as of right. (Doc. No. 24, FAC.) See Fed. R. Civ. P. 15(a)(1)(B); Sanford v. Motts, 258 F. 3d 1117, 1120 (9th Cir. 2001) ("Fed. R. Civ. P. 15(a) gives a plaintiff one opportunity to amend as of right.").

In light of Plaintiffs' amended pleading, the Court denies as moot Defendants' motion to dismiss the complaint without prejudice to Defendants moving to dismiss the

first amended complaint. See Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' . . . Consequently, the Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist. Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot . . . ." (citations omitted)). The September 14, 2026 hearing is vacated.

**IT IS SO ORDERED.**

DATED: August 11, 2026

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT