**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Jahmy S. Graham (SBN 300880)
jahmy.graham@nelsonmullins.com
Rona Eli (SBN 326093)
rona.eli@nelsonmullins.com
Michael E. Seager (SBN 354564)
michael.seager@nelsonmullins.com
Two California Plaza, Suite 2200
350 South Grand Avenue
Los Angeles, California 90071
Telephone: (424) 221-7470
Facsimile: (202) 279-2017

Attorneys for Defendants
TOYOTA MOTOR NORTH AMERICA, INC.; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.; TOYOTA MOTOR SALES, U.S.A., INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA (SAN DIEGO)

FRANCIS RODRICK, ROBERT DADE, JAMIE PABILONIA, DEBRA AKEL, VINCENT SICA, DANIEL MCRAE, CATHERINE DOYLE, MARTHA SAMUEL, and HOWARD WERSTIL,

Plaintiffs,

v.

TOYOTA MOTOR NORTH AMERICA INC.; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.; TOYOTA MOTOR SALES, U.S.A., INC.,

Defendants.

Case No. 3:26-cv-03210-H-JLB

Assigned to: Hon. Marilyn L. Huff

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS TOYOTA MOTOR NORTH AMERICA, INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., AND TOYOTA MOTOR SALES, U.S.A., INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

[*Filed concurrently with Notice of Motion and Motion to Dismiss FAC; Memorandum of Points and Authorities; Declaration of Jahmy S. Graham; and [Proposed] Order*]

Date: December 7, 2026
Time: 10:30 a.m.
Courtroom: 12A

Complaint Filed: May 22, 2026
FAC Filed: August 10, 2026

Pursuant to Federal Rule of Evidence 201, Defendants Toyota Motor North America, Inc. ("TMNA"), Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"), and Toyota Motor Sales, U.S.A., Inc. ("TMS") (collectively, "Defendants") respectfully request that the Court take judicial notice of the following documents attached as Exhibits 1-3 to the Declaration of Jahmy S. Graham ("Graham Decl.") in support of Defendants' Motion to Dismiss Plaintiffs' First Amended Class Action Complaint ("Motion").

## I. INTRODUCTION

1. **Exhibit 1** is a true and correct copy of the Lexus Technical Service Information Bulletin ("TSB") L-SB-0016-23, dated March 13, 2023, regarding the "Battery Maintenance During PDS" for Model Year 2024 Lexus NX250, NX350, NX350H, NX450H+, RX350, RX350H, RX450H+, RZ300E, and RZ450E. This TSB is publicly available on the National Highway Traffic Safety Administration ("NHTSA") website at https://static.nhtsa.gov/odi/tsbs/2024/MC-10248820-9999.pdf.

2. **Exhibit 2** is a true and correct copy of the Lexus TSB L-SB-0015-23, dated March 13, 2023, regarding the "Maintenance for HV/BEV and Auxiliary Batteries" for Model Year 2024 Lexus NX350H, RX350H, RX450H+, RX500H, and RZ450E. This TSB is publicly available on the NHTSA website at https://static.nhtsa.gov/odi/tsbs/2023/MC-10244125-9999.pdf.

3. **Exhibit 3** is a true and correct copy of the Lexus TSB L-SB-0001-24, dated January 24, 2024, regarding the "Battery Inspection and Maintenance During PDS" for Model Year 2025 Lexus NX250, NX350, NX350H, NX450H+, RX350, RX350H, RX450H+, RX500H, RZ300E, and RZ450E. This TSB is publicly available on the NHTSA website at https://static.nhtsa.gov/odi/tsbs/2025/MC-11014201-0001.pdf.

## II. ARGUMENT

Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily

determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Facts subject to judicial notice may be considered on a motion to dismiss. *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987).

**A. The Court May Take Judicial Notice of the TSBs Because Their Authenticity and Contents Are Not Subject to Reasonable Dispute.**

The Court may properly take judicial notice of Exhibits 1-3 because they are not subject to reasonable dispute. Exhibits 1-3 are true and correct copies of the TSBs related to the 12-volt batteries in the Subject Vehicles[1] at issue in this action.

TSBs are properly the subject of judicial notice. *Bryde v. Gen. Motors, LLC*, No. 16-cv-02421-WHO, 2016 WL 6804584, at *1 n.1 (N.D. Cal. Nov. 17, 2016) ("I also take judicial notice of Exhibits 12 and 13 because they are copies of the technical service bulletins cited in plaintiffs' [complaint]."); *Victorino v. FCA US LLC*, No. 16cv1617-GPC(JLB), 2016 WL 6441518, at *8 n.6 (S.D. Cal. Nov. 1, 2016) (same); *Keegan v. Am. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 936 n.38 (C.D. Cal. 2012) (same).

There can be no reasonable dispute regarding the authenticity of Exhibits 1-3 because they are true and correct copies of the very TSBs identified and relied upon in the FAC and are publicly available on the NHTSA government website.

**B. The Court May Consider the TSBs Under the Incorporation by Reference Doctrine Because Plaintiffs' Claims Rely on Them.**

The Court may properly consider Exhibits 1-3 because they are incorporated by reference into the FAC. Based on the plain language of the FAC, the TSBs set forth above as Exhibits 1-3 form part of the basis of Plaintiffs' claims.[2] Plaintiffs

[1] The Subject Vehicles at issue are "model year 2022-2026 Lexus RX and Lexus NX vehicles and model year 2023-2026 Lexus RZ vehicles." Plaintiffs' First Amended Class Action Complaint ("FAC") ¶ 2.
[2] *See*, *e.g.*, FAC ¶¶ 111, 113-14.

specifically identify each TSB by number, describe the purported contents of each TSB, and rely on the TSBs as purported evidence of Defendants' knowledge concerning an alleged defect in the 12-volt battery and "charging system" of the Subject Vehicles. *See* FAC ¶¶ 105, 111, 113-14.

Under the incorporation by reference doctrine, a court may further properly consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation modified). Moreover, the incorporation by reference doctrine also serves "to prevent plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims." *Rutter v. Apple, Inc.*, 2022 WL 1443336, at *3 (N.D. Cal. May 6, 2022). It is properly applied when "the document forms the basis of plaintiff's claim." *Id*. (internal quotations and citation omitted).

Here, Plaintiffs rely on the TSBs as purported evidence that all Defendants possessed pre-suit knowledge of the alleged defect. *See* FAC ¶¶ 111-15. Because Plaintiffs selectively rely on the existence and purported significance of the TSBs to support their claims, the Court may consider the complete TSBs themselves rather than Plaintiffs' characterization of those documents.

**III. CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits 1-3 accompanying the Graham Declaration in support

/ /

/ /

/ /

/ /

/ /

/ /

thereof, in connection with Defendants' Motion to Dismiss Plaintiffs' First Amended Class Action Complaint.

Dated: September 14, 2026

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ Jahmy S. Graham

Jahmy S. Graham
Rona Eli
Michael E. Seager

*Attorneys for Defendants*
TOYOTA MOTOR NORTH AMERICA, INC.; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.; TOYOTA MOTOR SALES, U.S.A., INC.

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first-class postage prepaid, to all counsel of record in this matter.

*/s/ Jahmy S. Grhaam*
Jahmy S. Graham